## ISBELL v. DUNLAP & WARD.

1. Defendants being sued by plaintiff for his wages as their overseer, paid the amount of this indebtedness to the sheriff to be applied to a junior execution, which had lost its active energy.. *Held*, that this gave defendants a valid defence to the action, as payment. *Code*, § 319.
2. An overseer is not an agricultural laborer within the meaning of the act giving laborers a lien on crops, or within the meaning of the Homestead acts.
3. The money having been paid by defendants to be applied to a certain execution, the plaintiff cannot object to the application to such execution, although it be junior and without active energy.
4. The payment to the sheriff was not a counter-claim, which therefore had to be in existence at the time of action brought, and of which plaintiff was entitled to notice, but was properly pleaded as payment.

---

Before WALLACE, J., Kershaw, February, 1882.

The opinion fully states the case.

Mr. *W. M. Shannon*, for appellant.

Messrs. *Leitner & Dunlap*, contra.

October 6, 1882.    The opinion of the Court was delivered by
MR. JUSTICE McIVER.—The action in this case was commenced on January 19, 1882, to recover a balance due plaintiff for his wages as overseer for the defendants during the year 1881.

The defence was payment, and to establish it the defendants offered in evidence a judgment and execution in the case of *Cowles* v. *Isbell*, dated February 7, 1876; and the sheriff's receipt on the execution in his office in favor of Cowles, which was in the following words: "Received February 10, 1882, from Dunlap & Ward two hundred and twenty dollars, to be applied to above-named judgment and execution against J. D. Isbell, said Dunlap & Ward being debtors of said J. D. Isbell, and paying said amount on said judgment and execution." The plaintiff then offered in evidence a judgment and execution in favor of Koopman & Summer, dated January 15, 1869, against Isbell, we presume, though it is not so stated in the "Case."

The case was, by consent, heard by the Circuit Judge without a jury, and he, after hearing argument, *held:* 1. That an overseer could not claim a lien on the crop for his wages, under the terms of the act giving laborers a lien. 2. That his wages were not exempt from levy under an execution. 3. That the sheriff had a right to receive and apply money, as was done in this case, to a junior execution in his office after its active energy had expired. 4. That the sheriff's receipt held by the defendants was not in the nature of a counter-claim, and did not require notice before the same could be offered in evidence; and that it was not necessary that the receipt should have been in existence at the time of the commencement of the action, as in case of a counter-claim. 5. That the claim of the plaintiff was completely paid and satis-

fied by the sheriff's receipt on the execution.   The plaintiff appeals upon grounds which question each one of the above-mentioned rulings.

We agree with the Circuit Judge that an overseer cannot be regarded as an agricultural laborer, within the meaning of the act giving to such laborers a lien on the crops made by them, or within the meaning of the Homestead acts exempting the products of such persons from levy and sale.   An overseer is one who is employed, not to labor himself, but to overlook and direct the labor of those who are employed to do the manual work of planting, cultivating and gathering a crop, and it would be a confusion of terms to call such a person a laborer. Whether the relation of master and servant exists between an employer and his overseer is a totally different question, and need not be considered here; and hence we are unable to perceive the relevancy of the case of *Daniel* v. *Swearengen*, 6 *S. C.* 297, relied on by the appellant.

But even if it should be conceded that an overseer has a lien on the crop for his wages, and that his wages are exempt from levy under an execution, we do not see how such a concession could benefit the appellant.   The amount due to the plaintiff by the defendants has not been levied on by the sheriff under an execution in his office, but the sheriff has simply, as the agent of the plaintiff, received and receipted for the money due to the plaintiff by the defendants, under the authority of section 319 of the Code.   That section reads as follows:   "After the issuing of execution against property any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge for the amount so paid."   Hence it was wholly immaterial whether the execution upon which the money was paid had lost its active energy, or whether it was the junior or senior execution in the office, for the sheriff did not obtain the money by virtue of his power to levy, but he simply received it when offered voluntarily by a person indebted to the judgment debtor, and his receipt is declared by the act to be "a sufficient discharge for the amount so paid."

The act does not require that the money shall be paid upon the oldest execution in the office; and whether it was the duty of the sheriff to make the application to the oldest execution, as he would be required to do when he levied and sold under a junior execution, or whether the payment made by the person indebted to the judgment debtor is to be regarded as a voluntary payment made by the judgment debtor himself, in which case he could require the sheriff to apply the money to any execution he might select, even though it should be junior to all others, is a question which does not concern the present plaintiff, and is not presented by the record. We therefore concur with the Circuit Judge that the fact that the payment was made on a junior execution which had lost its active energy cannot affect the present inquiry.

The only remaining question is whether the payment to the sheriff should have been regarded as a counter-claim, of which notice should have been given by the pleadings, and which should have been in existence at the time of the commencement of the action, in order to render it available as a defence. We are unable to discover any element of counter-claim in the transaction.

We understand section 319 of the Code to declare, in effect, that the payment to the sheriff, by one indebted to a judgment debtor, on the execution against such judgment debtor, is the same thing as the payment to the judgment debtor himself —that the receipt of the sheriff is in fact the receipt of the judgment debtor. If so, then, clearly, the defence in this case was properly pleaded as *payment* and *not* as a counter-claim, and it cannot be subjected to any of the incidents of the latter.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.